IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUNKYOO KIM,                 |

      Plaintiff,            |

                            |         Civil Action No.

vs.                       |         1:18-CV-04595-ELR

JC KLEEN, INC., and        |
JANG W. CHO,             |

      Defendants.         |

## BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants J C Kleen, Inc. ("J C Kleen"), and Jang W. Cho ("Cho") (hereinafter collectively "Defendants"), by and through undersigned counsel, and hereby respectfully present this Brief in support of their Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

Plaintiff Sunkyoo Kim worked for Defendant J C Kleen, Inc., as a delivery driver, from 2013 to 2018. (Kim Depo, p. 46:16-19). Jang W. Cho was the president and an owner of Defendant J C Kleen, Inc., during this time period. (J C Kleen Depo, p. 22:9-21). J C Kleen, Inc., was in the business of providing cleaning services for dry cleaners, specifically with regard to leather, suede, rugs, wedding dresses, and

other specialty items. (J C Kleen Depo, p. 21:9-24). Mr. Kim picked up and delivered these items to J C Kleen's dry cleaner customers, mostly in Georgia, but also in Tennessee on an overnight trip on certain Wednesdays and Thursdays. (Kim Depo, pp. 27:22 – 28:2).

Mr. Kim was paid at a daily rate of $100.00, and on weeks when he would make the overnight trip to Tennessee, he was paid an additional $100.00. (Kim Depo, pp. 16:20-21 & 27:25 – 28:2).

Mr. Kim's employment with J C Kleen ultimately ended (Kim Depo, p. 38:9-13; J C Kleen Depo, p. 121:19-24), and he subsequently brought this action pursuant to the Fair Labor Standards Act of 1938 (29 U.S.C. § 201, *et seq.*) ("FLSA") claiming that Defendants had not properly compensated him for overtime hours, and seeking remedies under that Act.

However, for the reasons set forth below, Plaintiff cannot establish either of the two essential elements of his overtime claim under the FLSA, and Defendants are therefore entitled to judgment as a matter of law on all claims.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A.     *Standard for Summary Judgment*

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact

and compels judgment as a matter of law in favor of the moving party." *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836-37 (11th Cir. 2006); Fed.R.Civ.P. 56(a).

"A genuine factual dispute exists if a reasonable jury could return a verdict for the non-moving party. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004). A 'mere scintilla' of evidence in favor of a non-moving party is not enough. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012). Likewise, summary judgment may be granted where the evidence is 'merely colorable, or is not significantly probative of a disputed fact.' *Id*." *White v. Dixie*, 741 Fed. Appx. 649, 655 (11th Cir. 2018).

**B.**     ***Plaintiff Fails to Establish Unpaid Overtime Hours***

"Ordinarily, an employee bringing a private action for unpaid overtime must establish two elements: (1) that he worked unpaid overtime and (2) that the employer knew or should have known of the overtime work." *White v. Dixie*, 741 Fed. Appx., at 661-62.

With regard to the first element, Plaintiff has failed to present evidence sufficient to form a jury issue. " 'An employee "has the burden of proving that he performed work for which he was not properly compensated." ' " *Segraves v. Agco, Inc.*, 2018 U.S. Dist. LEXIS 134233, *8, 2018 WL 3772397 (N.D. Ga., 1:17-CV-1997-TWT, August 9, 2018).

In a case like this, where there are no formal time records for Plaintiff's work, " 'an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.' " *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1316 (11th Cir. 2007). Plaintiff's evidence in this case does not meet even this more lenient standard.

Plaintiff claims that "averaging out my hours for a week, roughly speaking, it was over 52 hours a week". (Kim Depo, p. 48:1-2). Plaintiff admits that his work hours varied with the seasons, and that "in the summertime, it's very slow, and then in the wintertime, we get to be really busy." (Kim Depo, p. 12:9-10). Under further questioning at his deposition, Plaintiff then gave the following answers:

Q:     I guess what I'm asking is, you said 52 is

an average. In the summer, what would be the

average?

A:     So yes, when I say 52 hours average weekly,

I am calculating the summer slow time and the

wintertime together.

THE INTERPRETER:    I did not have a chance to

ask your question.

(Interpreting for the witness)

THE WITNESS: ***I can't say this is accurate***

***because it really depends on the schedule.*** So

even if we say, you know, summertime, it doesn't,

you know, reduce the hours dramatically. Of

course, you know, wintertime, we are really busy.

(Kim Depo, pp. 48:20 – 49:8) (emphasis added).

In fact, Plaintiff offers no explanation as to how he arrived at a number of 52 average hours weekly, and thus no reasonable inference can be made that that number is even approximately accurate, particularly when Plaintiff does not provide a sufficient explanation as to how he handled a number of factors that would be critical in reaching an accurate number.

Plaintiff admits that:

Q:     If you got done early, say in the summer,

did you just go home?

A:     Yes.

(Kim Depo, p 17:4-6).

Moreover, Plaintiff's definition of summer is ambiguous:

Q:     When you say the "summertime," what months

Are you talking about?

    A:    Starting in June, July, August, before

Thanksgiving time.

(Kim Depo, p. 29:17-20).

    Plaintiff also cannot account for time that he missed from work:

    Q:    At times, sir, did you miss work?

    A:    Yes.

    Q:    For what reasons?

    A:    Usually when I'm sick.

    Q:    Do you know the dates you were sick?

    A:    I don't know.

(Kim Depo, p. 32:18-23).

    Q:    Just curious. How many times do you think

you were absent in the two years leading up to the

termination?

    A:    I don't remember.

(Kim Depo, p. 53:9-12).

    Q:    In making these claims, have you made an

analysis thinking back of all the times that you

missed work in the two years before. Have you looked

into that to determine how much time you actually did

miss?

      A:     ***<u>Well, I wouldn't say that I analyzed it,</u>*** but

generally speaking, you know, during that timeframe,

I conveyed to my attorney what my thoughts were.

(Kim Depo, pp. 63:25 – 64:7) (emphasis added).

     In addition, Plaintiff does not reasonably explain the impact on his stated

average of his own self-professed expertise in efficiently completing his work:

      Q:    Do you know whether any of these employees,

if they all did the same routes at different speed or

time?

      A:    Obviously yes, that's true.

      Q:    Do you think you were the fastest?

      A:    I think so.

      Q:    You don't know though; right?

      A:    For the most part I know. That's why – you

know, in order to save time – I report to work in

the early hours and so forth.

(Kim Depo, p. 67:3-12).

Finally, whatever evidence Plaintiff has presented in support of his claim for unpaid overtime hours is undermined by his own logical inconsistencies in his testimony. For example, in discussing how long a daily route would take, Plaintiff testified as follows:

A:    Yes. So in a day, if I'm doing these local businesses, then I would go about 50 places.

Q:    You'd go where?

A:    Fifty places, if I do local.

Q:    Okay, understood. How long did you spend at each store when you did drop off and pickup?

A:    It depends. It really depends. Sometimes in terms of like insurance company, sometimes I have to spend an hour.

Q:    In terms of what?

A:    In terms of certain cases. When I talk about insurance company, it's not actual insurance company. It's vendors that deals with goods, you know, from insurance company, you know, like claims,

flood or, you know, fire, whatever.

      Q:     Understood.

      A:     So, you know, cases like that, it would take an hour, two hours. And then, you know, any other general, you know, dry cleaners, we're talking less than 30 minutes.

(Kim Depo, pp. 15:14 – 16:8).

     If this testimony is taken as true, with all reasonable inferences, it simply cannot be reconciled with Plaintiff's testimony about his weekly hours. If each stop takes somewhere from "less than 30 minutes" (which reasonably implies not *much* less than thirty minutes) to "two hours", and Plaintiff made fifty stops in a single day, even without factoring in travel time, we have already gone beyond the available hours in a day.

     In short, Plaintiff has the burden of proving that he worked unpaid overtime hours, and the amount and extent of that work, but the evidence in this case does not allow even a "just and reasonable inference". *See*, *e.g.*, *Segraves v. Agco, Inc.*, 2018 U.S. Dist. LEXIS 134233, at *9-10 ("The only evidence provided by the Plaintiff as to this issue is a list of hours and dates. The Plaintiff provides no explanation of the meaning of this list or how it was created. It also only provides hours for a handful

of months worked in 2016 and 2017. This is not the type of evidence from which the Court could draw a reasonable inference in the Plaintiff's favor as to the amount of uncompensated overtime hours worked. Due to this lack of evidence, he has therefore failed to establish a prime facie FLSA overtime claim.")

For all of these reasons, Plaintiff in this case has failed to establish the first essential element of his claim, and Defendants are entitled to summary judgment.

**C.**     ***Plaintiff Fails to Establish Actual or Constructive Knowledge of Defendants***

Plaintiff has likewise failed to present evidence sufficient to create a jury issue on the question of whether Defendants had actual or constructive knowledge of any uncompensated overtime hours.

"An employer is said to have constructive knowledge of its employee's overtime work when it has reason to believe that its employee is working beyond his shift." *Allen v. Bd. of Pub. Educ.*, 495 F.3d, at 1319.

In this case, the evidence is undisputed that Defendants had neither actual nor constructive knowledge of any unpaid overtime hours that Plaintiff claims to have been working.

First, Defendants expected the drivers to work no more than eight hours a day. In J C Kleen's deposition, Defendant Cho testified, in relevant part, as follows:

> Q:     -- what is your expectation as to number of

hours a driver works per day?

      A:    Not more than eight hours. And even though

he works more than eight hours, it's first time when

he's starting when he get trained, he is not skillful

worker that he takes more time. But when he gets

skilled and he knows what to do, then he lot less

than eight hours. …

(J C Kleen Depo, p. 75:16-23).

      Second, Defendants did not have knowledge of Plaintiff's claimed unpaid overtime work:

      Q:    Did he work more than 40 hours a week if he

did his delivery from your knowledge?

      A:    No.

(J C Kleen Depo, p. 139:11-13).

      Third, and finally, Plaintiff, a former business owner himself who was familiar with overtime pay (Kim Depo, pp. 9:6 – 10:11), admits that he never informed Defendants of any overtime or complained about it.

      Q:    You said earlier that you had an employment

offer, you understood the terms of the agreement.

Did you ever, like, renegotiate terms or talk about

hours or anything like that?

       A:    No.

(Kim Depo, p. 33:14-18).

       Q:    Well, was there any discussion of the number

of hours as opposed to what you were paid on how that

would work?

       A:    No.

(Kim Depo, p. 37:4-7).

       Q:    Up to the time of your termination, you

never complained about being underpaid; isn't that

true?

       A:    That's right.

       Q:    You never raised the issue of overtime;

correct?

       A:    That's right.

(Kim Depo, p. 51:17-23).

       Q:    In other words, sitting in, you know, Mr.

Cho's shoes, did he have any idea of knowing how many

hours you were actually working on each shift or the

average or what days you came early or later; did he

have any way of knowing?

        A:    ***That's right, he wouldn't know.***

        Q:    You never sent him a text and said, oh, this

took 50 hours this week, or, oh, this took 45?

        A:    ***Nobody would know.***

(Kim Depo, pp. 37:18 – 38:1) (emphasis added).

In short, Plaintiff has the burden of showing that Defendants had actual or constructive knowledge of his claimed overtime, and he has failed to meet that burden. *See*, *e.g.*, *Allen v. Bd. of Pub. Educ.*, 495 F.3d, at 1323 ("Alice Johnson testified that she worked unpaid hours when she stayed late, but no one told her to work off the clock and she did not inform anyone of her overtime work. She testified that she does not know how the Board should have known that she was working without compensation. As to Johnson, it was not error for the district court to grant summary judgment in favor of the Board, as Johnson's unsupported declaration constitutes a mere scintilla of evidence that the Board had actual or constructive knowledge of her overtime work.")

For all of these reasons, Plaintiff in this case has failed to establish the second essential element of his claim, and Defendants are entitled to summary judgment.

**D.**   ***All Derivative Claims Must Fall with the Underlying Claim***

Under 29 U.S.C. § 216(b), a plaintiff can obtain both liquidated damages and attorney's fees and costs, however, both of those remedies are expressly contingent on the liability of an "employer who violates the provisions of section 6 or section 7 of this Act [29 USCS § 206 or 207]" and a "judgment awarded to the plaintiff". *Id.*

Thus, since these additional remedies are derivative of Plaintiff's underlying FLSA overtime claim, and since Defendants respectfully submit that they have demonstrated their entitlement to judgment as a matter of law on that underlying claim, these derivative claims must also necessarily fall.

### III. CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants hereby respectfully move this Court pursuant to Fed.R.Civ.P. 56(a) for an order granting summary judgment in their favor on the grounds that there remain no genuine issues of material fact to be tried and Defendants are entitled to judgment as a matter of law on all claims set forth in Plaintiff's Complaint.

[SIGNATURE(S) ON FOLLOWING PAGE]

This 16th day of August, 2019.

                    Respectfully submitted,
                    MCGAHREN LAW FIRM, LLC

                    /s/ *Matthew F. McGahren*
                    Matthew F. McGahren, Esq.
                    Georgia Bar No. 491330
                    Eric J. Marlett, Esq.
                    Georgia Bar No. 470931

                    Attorneys for Defendants

                    6171 Crooked Creek Rd., Suite A
                    Peachtree Corners, GA 30092
                    Ph: (770) 729-1779
                    Fax: (770) 729-1774
                    matt@mcgahrenlaw.com
                    eric@mcgahrenlaw.com

*Sunkyoo Kim vs. JC Kleen, Inc., et al.*

Civil Action No. 1:18-CV-04595-ELR

**<u>BRIEF IN SUPPORT OF</u>**
**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUNKYOO KIM,                          |
                                      |
    Plaintiff,    |
                                      |
                                      |          Civil Action No.
vs.                                   |          1:18-CV-04595-ELR
                                      |
JC KLEEN, INC., and                   |
JANG W. CHO,                          |
                                      |
    Defendants.   |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that this brief was prepared using the Times New Roman, 14-point font and is therefore in compliance with the font types and font sizes set forth in LR 5.1(C).

This 16th day of August, 2019.

/s/ *Matthew F. McGahren*
Matthew F. McGahren, Esq.
Georgia Bar No. 491330

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUNKYOO KIM, | &#124; |
| | &#124; |
|     Plaintiff, | &#124; |
| | &#124;    Civil Action No. |
| vs. | &#124;    1:18-CV-04595-ELR |
| | &#124; |
| JC KLEEN, INC., and | &#124; |
| JANG W. CHO, | &#124; |
| | &#124; |
|     Defendants. | &#124; |

## **CERTIFICATE OF SERVICE**

I, Matthew F. McGahren, Attorney for Defendants, do hereby certify that I have served the within and foregoing **BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** by means of electronic service through the Court's CM/ECF system to the following:

> Brian G. Kim, Esq.          brian@leonandkim.com
> Brian Kim, PC
> 1815 Satellite Blvd., #303
> Duluth, GA 30097

This 16th day of August, 2019.

> /s/ *Matthew F. McGahren*
> Matthew F. McGahren, Esq.
> Georgia Bar No. 491330