IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUNKYOO KIM,

    Plaintiff,

vs.

JC KLEEN, INC., and
JANG W. CHO,

    Defendants.

Civil Action No.
1:18-CV-04595-ELR

**RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants J C Kleen, Inc. ("J C Kleen"), and Jang W. Cho ("Cho") (hereinafter collectively "Defendants"), by and through undersigned counsel, and hereby respectfully move this Court to deny Plaintiff's Motion for Leave to File Out of Time Response to Defendants' Motion for Summary Judgment [Ct. Doc. 43] (hereinafter "Plaintiff's Motion for Leave") on the grounds that Plaintiff has failed to establish the good cause and excusable neglect needed for an extension of time under Fed.R.Civ.P. 6(b)(1)(B).

**I. PRELIMINARY STATEMENT**

At the outset, Defendants' counsel would like to preface this Response by noting that they are not unsympathetic to the circumstances facing Plaintiff and his

counsel. As fellow attorneys, we can certainly understand that in the hectic practice of law, mistakes can happen. However, as advocates for our clients, we must note that there are mandatory rules and deadlines with which we must all comply, and the law gives relief only when it is warranted. In this particular instance, for the reasons stated below, Plaintiff is not entitled to the relief requested, Plaintiff's Motion for Leave should be denied, and Plaintiff's proffered Response to Defendants' Motion for Summary Judgment [Ct. Doc. 43-1] should be deemed untimely.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A.   *Procedural Background and Governing Law*

Under Fed.R.Civ.P 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: … on motion made after the time has expired if the party failed to act because of excusable neglect."

In this case, LR 7.1(B) provided Plaintiff with twenty-one (21) days after service of Defendants' Motion for Summary Judgment [Ct. Doc. 39]. Defendants' Motion for Summary Judgment was served on August 16, 2019, which means the deadline for Plaintiff's response was September 6, 2019. Plaintiff filed no response.

On September 10, 2019, the Clerk sent notification that Defendants' Motion for Summary Judgment had been submitted to the Court. After a series of email

communications with Michelle Beck, Courtroom Deputy Clerk, Plaintiff's counsel subsequently filed Plaintiff's Motion for Leave.

The issue now is whether the criteria of good cause and excusable neglect, as set forth in Fed.R.Civ.P 6(b)(1)(B), have been met. With respect to the first element, "the party requesting the extension demonstrates good cause only if, 'despite [its] diligence,' the party cannot meet the deadline." *Watts v. Club Madonna, Inc.*, 2019 U.S. App. LEXIS 23645, *5-6, 2019 WL 3731311 (11th Cir., No. 18-13764, August 8, 2019).[1]

With respect to the second element, this Court must decide whether to grant Plaintiff's Motion for Leave "using the standard for excusable neglect given in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993): the circumstances around the omission, the danger of prejudice to the non-moving party, the length of the delay and its impact on the proceedings, the reason for the delay, whether the delay was within the control of the moving party, and whether the moving party acted in good

---

[1] This case specifically addressed "good cause" in the context of Fed.R.Civ.P. 6(b)(1)(A), however Defendants submit that it must therefore be equally applicable in the context of Fed.R.Civ.P. 6(b)(1)(B), since the element of "good cause" is contained in Fed.R.Civ.P. 6(b)(1), preceding both subsections.

faith." *Dream Custom Homes, Inc. v. Modern Day Constr., Inc.*, 476 Fed. Appx. 190, 193 (11th Cir. 2012).

For the reasons set forth below, Plaintiff has failed to meet the above stated standards for establishing the good cause and excusable neglect needed to grant his Motion for Leave.

**B.**     ***Absence of Good Cause and Excusable Neglect***

Plaintiff concedes that his "counsel was well aware of the court's deadline."[2] The only reason that Plaintiff has provided for failing to meet that deadline was that

> Regrettably, counsel for Plaintiff's mistakenly considered the e-mail from the Court's ECF system, which notified Defendant's filing of summary judgment motion, as the notice of Plaintiff's own filing of summary judgment motion. Plaintiff's counsel made such mistake because he also filed Plaintiff's motion for summary judgment (Doc. 37) on the same day the Defendants filed their summary judgment motion. Plaintiff counsel mistakenly considered Defendant never filed its motion for summary judgment.[3]

With respect to this explanation, and the issue of whether it demonstrates diligence and excusable neglect, it is worth noting that the parties' counsel each received five (5) emails from the Court that day, August 16, 2019, notifying them of the filings in this case. Plaintiff's counsel should have known that he only filed two (2) docket entries that day, and thus the existence of an additional three (3) filing

---

[2] Plaintiff's Motion for Leave, p. 6.
[3] *Id.*, p. 2.

notifications should have been sufficient notice that something other than Plaintiff's own Motion for Summary Judgment had been filed.

Moreover, the parties' counsel had previously discussed the summary judgment motions, and as a result of those discussions, Plaintiff's counsel was, or should have been, on notice that Defendants were planning to file a motion for summary judgment by the August 16th deadline. Not only did the Defendants join in the parties' Joint Motion to Extend Time to File Parties' Motion for Summary Judgment Until August 16, 2019 [Ct. Doc. 35], which sought to extend the summary judgment motion deadline for all parties, but Defendants' counsel also specifically discussed the summary judgment motions with Plaintiff's counsel via email on August 13, 2019. *See* Affidavit of Matthew F. McGahren in Support of Defendants' Response in Opposition to Plaintiff's Motion for Leave ("McGahren Aff."), filed contemporaneously with this Response.

In that August 13, 2019, email, Defendants' counsel sought to find any areas of agreement on which the parties might be able to consent and thereby narrow the scope of the issues to be decided on summary judgment. *See* McGahren Aff., Ex. A. As part of that discussion, Defendants' counsel, as an example, discussed one specific issue on which Defendants were, at that time, planning to move for summary judgment. *Id*. In short, it is clear from that email that Defendants intended to file a

motion for summary judgment, or at least a motion for partial summary judgment. Either way, Plaintiff's counsel was on notice, or should have been on notice, that Defendants were likely going to be filing a summary judgment motion by the mutual August 16, 2019, deadline.

Moreover, the explanation which has been proffered by Plaintiff for failing to meet the response deadline has, in fact, previously been determined by another judge of this Court to be insufficient to establish excusable neglect. In *Boyajian v. City of Atlanta*, 2011 U.S. Dist. LEXIS 35259, 2011 WL 1262162 (N.D. Ga., 1:09-CV-3006-RWS, March 31, 2011), the trial court was faced with circumstances nearly identical to those present in this case, and reached the conclusion that there was no excusable neglect.

In that case, as in this case, both parties filed motions for summary judgment on the same day, and one party responded, and one party did not. *Id*., at *5. Likewise, in that case, as in this case, "[the non-responding party] argues that it acted with 'excusable neglect' because it did not realize the motion was pending. Namely, the [non-responding party] argues that it received five electronic notices that day and the [non-responding party] assumed that all of the emails pertained to the [non-responding party]'s own filings, not any of the [other party]." *Id*., at 6. However, the

court in *Boyajian* held that "***mere negligence in failing to respond to a filing is not excusable neglect.***" *Id*., (emphasis added).

Defendants acknowledge that there were a couple minor differences in *Boyajian*, namely that the non-responding party acted after twelve days, and Plaintiff's counsel in this case did act more promptly, and also that notices were sent to multiple attorneys and that there was an additional filing referencing the pending motion for summary judgment during the response period, however Defendants respectfully submit that these differences are not material to the Court's decision in this case. *See*, *Id*., at 7.

In both cases, the underlying explanation for failing to timely respond is identical, and in *Boyajian*, unlike in this case, there was no indication that the non-responding party was on notice that the other party was planning to file a motion for summary judgment. The court did note that "[the non-responding party] knew that the last day to file for summary judgment was August 30th – the date in question – so it was likely in a vigorously litigated case that the [other party] would also file that day." *Id*. However, in this case, not only should Plaintiff's counsel have been expecting Defendants' motion for summary judgment for the same reason as the non-responding party in *Boyajian*, but, in this case, Defendants' counsel also

specifically discussed with Plaintiff's counsel, just three days prior to the motion deadline, Defendants' intent to file for summary judgment.

Analyzing this case in light of the *Pioneer* factors for excusable neglect, Defendants acknowledge that the length of the delay, its impact on the proceedings, and the danger of prejudice are not tremendous, however, the remaining factors all weigh strongly against a finding of excusable neglect. The circumstances around the omission, the reason for the delay, whether the delay was within the control of the moving party, and whether the moving party acted in good faith, are all unfavorable to the Plaintiff in this case.

In short, under these circumstances, Defendants respectfully submit that Plaintiff's explanation for the late filing does not demonstrate the diligence needed for good cause, or establish sufficient grounds for a finding of excusable neglect. As such, Plaintiff's Motion for Leave should be denied.

### III. CONCLUSION AND PRAYER FOR RELIEF

Accordingly, Defendants hereby respectfully ask this Court to deny Plaintiff's Motion for Leave on the grounds that Plaintiff has failed to establish the good cause and excusable neglect needed for this Court to grant an extension of time under Fed.R.Civ.P. 6(b)(1)(B).

Defendants would also ask the Court, in ruling on their Motion for Summary

Judgment, to consider their Reply Brief, which will be filed shortly after this Response.

This 24th day of September, 2019.

        Respectfully submitted,
        MCGAHREN LAW FIRM, LLC

        /s/ *Matthew F. McGahren*
        Matthew F. McGahren, Esq.
        Georgia Bar No. 491330
        Eric J. Marlett, Esq.
        Georgia Bar No. 470931

        Attorneys for Defendants

        6171 Crooked Creek Rd., Suite A
        Peachtree Corners, GA 30092
        Ph: (770) 729-1779
        Fax: (770) 729-1774
        matt@mcgahrenlaw.com
        eric@mcgahrenlaw.com

*Sunkyoo Kim vs. JC Kleen, Inc., et al.*

Civil Action No. 1:18-CV-04595-ELR

**RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

- 9 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUNKYOO KIM, | \| |
| Plaintiff, | \| |
| | \|   Civil Action No. |
| vs. | \|   1:18-CV-04595-ELR |
| JC KLEEN, INC., and<br>JANG W. CHO, | \| |
| Defendants. | \| |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), I hereby certify that this brief was prepared using the Times New Roman, 14-point font and is therefore in compliance with the font types and font sizes set forth in LR 5.1(C).

This 24th day of September, 2019.

/s/ *Matthew F. McGahren*
Matthew F. McGahren, Esq.
Georgia Bar No. 491330

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUNKYOO KIM, | &#124; |
| Plaintiff, | &#124; |
| | &#124;   Civil Action No. |
| vs. | &#124;   1:18-CV-04595-ELR |
| JC KLEEN, INC., and JANG W. CHO, | &#124; |
| Defendants. | &#124; |

**CERTIFICATE OF SERVICE**

I, Matthew F. McGahren, Attorney for Defendants, do hereby certify that I have served the within and foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** by means of electronic service through the Court's CM/ECF system to the following:

    Brian G. Kim, Esq.                    brian@leonandkim.com
    Brian Kim, PC                           brian@briankimpc.com
    1815 Satellite Blvd., #303
    Duluth, GA 30097

This 24th day of September, 2019.

                                                      /s/ *Matthew F. McGahren*
                                                      Matthew F. McGahren, Esq.
                                                      Georgia Bar No. 491330