IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUNKYOO KIM, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:18-CV-04595-ELR |
| | * | |
| | * | |
| JC KLEEN, INC., and | * | |
| JANG W. CHO, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**ORDER**

Presently before the Court are Plaintiff Sunkyoo Kim's Motion for Summary Judgment [Doc. 37] and Defendants JC Kleen, Inc., and Jang. W. Cho's (collectively "Defendants") Motion for Summary Judgment [Doc. 39]. The Court's rulings and conclusions are set forth below.

**I.   Plaintiff's Motion for Extension of Time to Respond**

As an initial matter, Plaintiff has moved for an extension of time to respond to Defendants' motion for summary judgment. [Doc. 43]. The Parties filed their respective motions for summary judgment with the Court on August 16, 2019 [Docs. 37, 39]. Plaintiff failed to file a timely response to Defendants' motion. Plaintiff

then filed the current motion for extension of time four (4) days after Defendants' motion for summary judgment was submitted to the Court. The Court may, for good cause, exercise its discretion to extend the deadline of filing and consider a late motion or briefing if the party failed to act because of excusable neglect. FED. R. CIV. P. 6(b). However, mere negligence in failing to respond to a filing is not excusable neglect. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.3d 1130, 1132 (11th Cir. 1986).

Plaintiff argues that he misinterpreted email notifications from the Court's electronic filing system—alerting Plaintiff to the filing of Defendants' motion—as confirmations of his own filing. Pl.'s Mot. for Extension of Time [Doc. 43 at 2]. As Defendants point out in response, however, the Parties had previously submitted a Joint Motion to Extend Time to File Parties' Motion for Summary Judgment [Doc. 35], extending the filing deadline to August 16, 2019, the date that both Parties ultimately filed their respective motions. Defs.' Resp. in Opp'n [Doc. 45 at 5]. Not only did Plaintiff know of the final day to file summary judgment motions, he also had reason to believe that Defendants would submit their own motion for summary judgment. As a result, the Court **DENIES** Plaintiff's motion, finding no excusable neglect in failing to timely file a response. See Boyajian v. City of Atlanta, No. 1:09-CV-3006-RWS, 2011 WL 1262162, at *3 (N.D. Ga. Mar. 31, 2011) (finding no excusable neglect where party failed to timely file a response to motion for

2

summary judgment because the party knew of the deadline to file motions and the party ignored electronic filing notices).

However, because Plaintiff has filed his own motion for summary judgment and a reply to Defendants' response in opposition [Doc. 44], the Court will, out of fairness, consider the arguments presented which respond to Defendants' motion. Id. Additionally, because Plaintiff failed to file a response to Defendants' statement of material facts in compliance with Local Rule 56.1(B)(2)(a), Defendants' facts are deemed admitted for the purpose of assessing Defendants' motion. LR 56.1(B)(2)(a)(2), NDGa.

## II.   Background

This case arises from a dispute concerning alleged unpaid overtime wages. Defendants own and operate a business that provides cleaning services for dry cleaners. Defs.' Statements of Material Facts ¶ 3 [Doc. 39-4] ("Defs.' SOMF"). Plaintiff worked for Defendants as a delivery driver from 2013 to 2018.[1] Id. ¶1. Plaintiff delivered items such as leather, suede, rugs, and wedding dresses to Defendants' customers in Georgia and Tennessee. Id. ¶ 4. Plaintiff was paid a daily rate of $100, including an additional $100 for overnight trips to Tennessee. Id. ¶ 5.

---

[1] Plaintiff claims that the "employee-employer relationship" is not disputed yet provides no citation to support this assertion and no such support can be found on the record. Pl.'s Mot. for Summ. J. [Doc. 37-1 at 6]. However, Defendants do not contest Plaintiff's assertion that an employee-employer relationship exists. Thus, the Court will proceed as though Plaintiff is an employee entitled to FLSA protection.

3

Though Defendants estimated a general time frame of Plaintiff's weekly hours, Defendant allowed Plaintiff to independently determine when to start his routes for the day. See Dep. of Jang W. Cho at 91:6-12 [Doc. 41] ("Cho Dep."); see also Aff. of Jang W. Cho ¶ 2 [Doc. 42-5] ("Cho Aff."). Plaintiff's hours also varied seasonally and fluctuated depending on when Plaintiff completed his work. Defs.' SOMF ¶¶ 8, 10. Plaintiff claims that he worked an average of 52 hours per week, but the exact number of hours forms the basis of this dispute because Defendants did not maintain timecard records for delivery drivers. Id. ¶7; Cho Dep. at 66:19-25 [Doc. 41].

Plaintiff initiated this action on October 2, 2018, by filing a complaint seeking to recover alleged unpaid overtime wages from Defendants under the Fair Labor and Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Compl. [Doc. 1]. Specifically, Plaintiff alleges that he worked in excess of forty (40) hours per week and was not appropriately compensated for such overtime. Id. ¶¶ 30–32. Both Parties moved for summary judgment. [Docs. 37, 39]. Having been fully briefed, these motions are now ripe for the Court's review.

### III. Legal Standard

"The standard of review for cross-motions for summary judgment does not differ from the standard applied when one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law

4

on the facts that are not disputed." GEBAM, Inc. v. Inv. Realty Series I, LLC, 15 F. Supp. 3d 1311, 1315–16 (N.D. Ga. 2013) (citing Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005)); see United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984) ("Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed.") (quotation omitted). The Court must consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc., 972 F. Supp. 2d 1339, 1341 (N.D. Ga. 2013). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. Id. at 1341.

The Court may grant summary judgment only if the record shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is material if resolving the factual issue might change the suit's outcome under the governing law. Id. The motion should be granted only if no

rational fact finder could return a verdict in favor of the non-moving party. Id. at 249.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. Id. at 324-26. The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. However, the Court is not obligated to "scour the record" to determine whether triable issues exist. Tomasini v. Mt. Sinai Med. Ctr. of Fla., 315 F. Supp. 2d 1252, 1260 n.11 (S.D. Fla. 2004).

## IV. Discussion

Plaintiffs seek to recover alleged unpaid overtime wages under the FLSA. Compl. ¶ 1. Under the FLSA, an employer must compensate an employee who

performs overtime work—work in excess of forty hours per week—in an amount of one and one-half times his regular rate. Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)). An employee who has not received appropriate overtime pay may bring a private FLSA action against the employer for damages. Bailey v. TitleMax of Ga., Inc., 776 F.3d 797, 801 (11th Cir. 2015) (citing 29 U.S.C. § 216(b)). In order to prevail on an overtime claim, an employee must demonstrate (1) that they worked unpaid overtime, and (2) that the employer knew or should have known of the overtime work.[2] Id. (citing Allen, 495 F.3d at 1314–15).

### A. Established Unpaid Overtime

In an overtime action brought under the FLSA, the plaintiff employee bears the burden of proving that he performed overtime work without appropriate compensation. Allen, 495 F.3d at 1315. However, when an employer's records of hours and compensation paid to employees are inaccurate or inadequate—as is the case here—the burden of proof is "relaxed."[3] Estrada v. FTS USA, LLC, No. ED 103050, 2016 WL 615789, at *3 (S.D. Fla. Oct. 24, 2016); see also Allen, 495 F.3d at 1315–16 ("It is the employer's duty to keep records of the employee's wages and

---

[2] It is worth noting that Plaintiff cited to a different—and incorrect—two-part test as the controlling inquiry in this overtime action. Pl.'s Mot. for Summ. J. [Doc. 37-1 at 6].
[3] Because employees are subject to the control of their employers, the remedial nature of the FLSA provides protection for employees by lessening the burden of proof where an employer has failed to maintain accurate and adequate records. Allen, 495 F.3d at 1315–16

hours, if they have failed to do so and the employee cannot offer convincing substitutes '[t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work.'") (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)).

In such a situation, the employee carries his burden by proving that he actually performed work for which he was improperly compensated and producing evidence that allows a just and reasonable inference of the amount and extent of that work. Estrada, 2016 WL 615789, at *3 (citing Allen, 495 F.3d at 1316). The burden then shifts to the employer who must produce evidence of "the precise amount of work the employee performed" or to "negate the reasonableness of the inference to be drawn from the employee's evidence." Allen, 495 F.3d at 1316 (internal quotations omitted).

Here, an issue of fact still remains as to whether Plaintiff actually worked overtime hours for which he was not compensated. No time records have been produced showing the exact hours that Plaintiff worked while employed by Defendants. See Cho Dep. at 66:19-25 [Doc. 41] (explaining that JC Kleen used timecards for employees that work inside the store but not for delivery drivers). However, Plaintiff has not provided any evidence of specific instances in which he worked in excess of forty (40) hours in a week. See Maldonado v. Alta Healthcare

Group, Inc., 17 F. Supp. 3d 1181, 1193 (M.D. Fla. 2014) (finding that an employee carried his burden of establishing overtime hours worked by producing time logs of hours worked and the employer failed to produce evidence to the contrary). Rather, Plaintiff has only testified in his deposition that he worked approximately fifty-two (52) hours per week. Dep. of Sunkyoo Kim at 48:1-2 [Doc. 40] ("Kim Dep."). While such estimates are far from definite and precise,[4] they are enough to create a genuine issue of material fact here, especially in light of Defendants' failure to keep and produce time logs for delivery drivers. Allen, 495 F.3d at 1315, 1317 (finding employee testimony of approximate hours worked sufficient to create an issue of fact when the employer was at least partially responsible for the lack of records).

Moreover, Defendants explicitly admitted to the possibility that Plaintiff worked in excess of forty (40) hours per week. Cho Dep. at 74:16-75:4 [Doc. 41]. In fact, Defendants' own general timeframe of Plaintiff's hours exceeds forty (40) hours per week.[5] Pl.'s Reply [Doc. 44 at 2]. As a result, the Court finds that a

---

[4] As Defendants point out, Plaintiff's logic when estimating the number of hours worked is inherently flawed. Defs.' Resp. in Opp'n [Doc. 42 at 9–10] (Plaintiff testified to visiting approximately fifty (50) stores a day, spending anywhere between thirty (30) minutes to two (2) hours at each store, which exceeds twenty-four (24) total hours per day). However, such inconsistencies and imprecision are not enough on their own to entitle Defendants to a grant of summary judgment because Defendants have failed to rebut any of Plaintiff's assertions with sufficient evidence showing the precise number of hours Plaintiff worked. Allen, 495 F.3d at 1317–18.

[5] The Court acknowledges that Defendants have submitted an affidavit clarifying its response to Plaintiff's interrogatories (which have not been produced before the Court). Cho Aff. ¶¶ 2–5 [Doc. 42-5]. However, the affidavit itself still acknowledges the possibility that Plaintiff could have worked in excess of forty (40) hours a week. Id. ¶ 9. As such, the affidavit does not negate the reasonable inference that Plaintiff could have worked over forty (40) hours per week. Allen, 495

genuine issue of material fact exists as to whether Plaintiff actually worked overtime hours for which he was not properly compensated. Accordingly, summary judgment for either party is inappropriate on this element.

## B. Actual or Constructive Knowledge

To succeed on an overtime claim, an employee must also prove that the employer "knew or should have known of the [employee's] overtime work."[6] Bailey, 776 F.3d at 801. An employee carries their burden if he produces evidence sufficient to allow a reasonable jury to conclude that the employer had actual or constructive knowledge of the employee's overtime work. Allen, 435 F.3d at 1318. But see Segraves v. AGCO, Inc., No. 1:17-CV-1997-TWT, 2018 WL 3772397, at *4 (N.D. Ga. Aug. 9, 2018) (an employee fails to carry this burden when the employee provides no evidence indicating that the employer knew, or had reason to believe, that an employee performed overtime work).

Actual knowledge can be presumed when plaintiffs or other employees testify that they worked overtime hours and notified their supervisors that they had not

---

F.3d at 1317 (recognizing that some types of inconsistencies between declarations and depositions are the type that parties "should test through cross-examination at trial and allow the jury to weigh in determining the credibility of each [party's] testimony . . . .").

[6] Plaintiff did not address this necessary element at all in his initial motion. Pl.'s Mot. for Summ. J. [Doc. 37-1]. Defendants extensively addressed this element in response (and their own motion), yet Plaintiff relied solely on two sentences to rebut Defendants' arguments. Pl.'s Reply [Doc. 44 at 3] ("As discussed above, Defendants own testimonies established Plaintiff's unpaid overtime hour[sic] is forty-five hours per week. Certainly, Defendants had actual and constructive knowledge of Plaintiff's overtime works[sic].").

received the appropriate compensation. Allen, 495 F.3d at 1318; see also Jarmon v. Vinson Guard Servs., No. 2:08-CV-2106-VEH, 2010 WL 11507029, at *11 (N.D. Ala. July 13, 2010) (finding that a genuine issue of material fact remains when an employee complains to his manager or employer that he was not receiving appropriate compensation for overtime hours worked). Here, however, Plaintiff explicitly admits that he never complained to Defendants that he was not receiving appropriate compensation for hours worked. Kim Depo. at 16:16-18, 33:16-18, 51:17-23 [Doc. 38-3]. As a result, the Court finds that Defendants did not have actual knowledge of Plaintiff's alleged overtime work without appropriate compensation.

Even if an employer does not have actual knowledge of an employee's overtime work, the employer may have constructive knowledge of such work if it had reason to believe that the employee was working beyond his shift. Allen, 495 F.3d at 1319 (citing 29 D.F.R. § 785.11). An employer's constructive knowledge is measured in accordance with his duty to inquire into the conditions of operation within his business. Id. (internal quotations omitted) (citing Gulf King Shrimp Co. v. Wirtz, 407 F.2d 508, 512 (5th Cir. 1969). An employee may survive summary judgment by presenting testimony that the employers and supervisors were aware of the overtime work. Id. at 1320. Here, however, Plaintiff explicitly testified that Defendants did not have any way of knowing that he had worked excess hours. Kim

11

Depo. at 37:18-38:1 [Doc. 38-3]. Defendants further support this statement in their own right, testifying that they had no knowledge Plaintiff had worked in excess of forty (40) hours per week, nor did Defendants expect Plaintiff to work in excess of eight (8) hours per day or forty (40) hours per week. Cho Dep. at 75:14-76:1, 139:11-13 [Doc. 41]; see also Cho Aff. ¶ 5.

Because Defendants did not expect Plaintiff to work overtime hours and Plaintiff did not notify Defendants of any overtime hours worked—and indeed expressly admits that Defendants would not have knowledge of any overtime hours worked—the Court finds no genuine issue of material fact exists as to whether Defendants had actual or constructive knowledge. Accordingly, summary judgment is appropriate for Defendants. Allen, 495 F.3d at 1323 (holding summary judgment for employers was appropriate where employee testified that she worked unpaid hours on her own accord but did not inform anyone of her overtime work and did not know how her employer should have known of her overtime work); see also Segraves, 2018 WL 3772397, at *4 (granting summary judgment for employers where employee failed to provide employer with a list of hours worked and presented no other evidence indicating that employer knew, or had reason to believe, that the employee worked in excess of forty hours without proper overtime compensation).

## V. Conclusion

For the reasons stated herein, the Court **DENIES** Plaintiff Sunkyoo Kim's Motion for Summary Judgment [Doc. 37] and **GRANTS** Defendants JC Kleen, Inc., and Jang W. Cho's Motion for Summary Judgment [Doc. 39]. The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this case.

**SO ORDERED**, this 16th day of January, 2020.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia